A. BRESIM CORP., Plaintiff, *v.* RICHGOLD TRADING CORP., Defendant.

Supreme Court, Special Term, New York County, June 13, 1962.

*Jerome Katz* for plaintiff. *Natanson & Gordon (Jay F. Gordon* of counsel), for defendant.

JACOB MARKOWITZ, J. Plaintiff moves for summary judgment in this action brought to recover damages allegedly caused by defendant's conversion and wrongful sale of certain collateral security deposited by plaintiff with defendant. Plaintiff borrowed $50,000 from defendant and delivered to it a promisory note dated August 30, 1961 and certain stocks, as collateral security therefor.

On November 2, 1961, when the note was past due, defendant advised plaintiff that unless repayment of the loan, including interest due, was made on or before November 9, 1961, the collateral would be sold. Plaintiff contends that on November 9,

1961, good tender was made of this amount, which tender was refused by defendant. Defendant thereafter sold the collateral at public auction, applied the proceeds to the debt, and claims a balance still due on the note.

Defendant contends that on November 9, 1961, tender was made but by strangers, not then authorized to act on behalf of plaintiff, and therefore it was not obliged to accept the payment.

Thus, the question presented on this motion for summary judgment is whether plaintiff corporation made a valid tender to defendant, on November 9, 1961, of the amount due from it to defendant. According to the moving affidavit, the amount tendered consisted of a check payable to the order of Schuman and three checks to the order of one Musiker, who accompanied Schuman. Schuman alleges that he is *presently* president of plaintiff. Schuman states that Musiker and he offered to " endorse and deliver the checks to the order of Richgold Trading Corp.", the defendant. It is to be noted that there is no statement made that they offered to indorse and deliver the checks to the order of plaintiff and then have plaintiff indorse and deliver the checks to defendant. The answering affidavits submitted by defendant state that at the time of the tender Schuman said that he had not been elected president of plaintiff but " expected that he would shortly be elected the president of the plaintiff after proper meetings were held, but that he could not be sure ". The affidavits also state that Schuman stated that he was not making the tender on behalf of plaintiff, which had no funds, but on behalf of Musiker, his uncle, to enable Musiker to purchase the note and collateral and hold them, instead of defendant, until plaintiff's affairs were in order. Defendant claims it held the matter open until the following date to enable Schuman and Musiker to deliver plaintiff's consent, but that no consent was delivered. The reply affidavits submitted by plaintiff state that Schuman, on November 9, identified himself as plaintiff's president and stated that the checks were offered on plaintiff's behalf. There is a conflict, in the affidavits submitted, concerning what transpired at the November 9 meeting, particularly as to the authority of those present to act for plaintiff.

If the statements contained in the answering affidavits are true, defendant was within its rights in rejecting the tender (17 C. J. S., Contracts, § 485; 86 C. J. S., Tender, § 35). Tender or payment by a stranger does not inure to the benefit of a debtor (*King* v. *Barnes,* 109 N. Y. 267, 289; *Gordon Malting Co.* v. *Bartels Brewing Co.,* 206 N. Y. 528, 540).

The plaintiff cites a provision in the note which provided that upon any transfer thereof, the lender might deliver the collateral to the transferee, and thereupon be relieved from any further liability. However, this provision was inserted for the protection of the lender upon a negotiation of the note, and does not impose an obligation on the lender to transfer the note or the collateral. The fact that defendant may have run no risk had it accepted the tender, in view of the provision of the note, relieving it of liability upon transfer of the note or collateral, is immaterial. The transfer of the note and collateral to another was optional with defendant, not compulsory upon it.

There being triable issues of fact presented concerning the authority of those present at the meeting to act for plaintiff, the motion for summary judgment is denied.